**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RAMADA WORLDWIDE, INC.,** *Plaintiff*, v. **GREEN MOUNTAIN HOSPITALITY & LODGING INC., et al.,** *Defendants*. | Civil Action No. 15-4290 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiff Ramada Worldwide, Inc.'s ("RWI") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Green Mountain Hospitality & Lodging Inc. ("Green Mountain") and Verinder Malhotra ("Malhotra") (collectively, "Defendants"), Dkt. No. 7. For the reasons stated below, the motion is **GRANTED**.

**I.    BACKGROUND**

RWI is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, Dkt. No. 1. It licenses the operation of Ramada hotels. Id. ¶ 8. Defendant Green Mountain is a Vermont corporation, with its principle place of business in Brattleboro, Vermont. Id. ¶ 2. Malhotra is a principal of Green Mountain, and lives in Brattleboro, Vermont. Id. ¶ 3. On November 26, 2008, RWI and Green Mountain entered into a franchise agreement ("Franchise Agreement") for the operation of a 104-room Ramada hotel (the "Facility") in Brattleboro, Vermont. Id. ¶ 8.

1

Pursuant to the Franchise Agreement, Green Mountain was obligated to operate the Facility for a fifteen-year term. Id. ¶ 9. In operating the Facility, Green Mountain was required to make periodic payments to RWI for royalties, system assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"), id. ¶ 10; prepare and submit monthly reports to RWI disclosing, among other things, the amount of gross revenue earned at the Facility, id. ¶ 12; and maintain accurate financial information relating to the gross room revenue, and allow RWI to examine, audit, and make copies of the financial information, id. ¶ 13. The Franchise Agreement states that any delinquent amounts owed would be assessed interest at a rate of 1.5% per month, or the maximum rate allowed by law, whichever is less. Id. ¶ 11.

Pursuant to section 11.2 of the Franchise Agreement, RWI could terminate the Franchise Agreement, without notice to Green Mountain, if Green Mountain (a) discontinued operating the Facility as a Ramada hotel or (b) lost possession or the right to possession of the Facility. Id. ¶ 14. In the event of termination under section 11.2, Green Mountain agreed to pay $75,000 in liquidated damages. Id. ¶¶ 15-16. On November 26, 2008, RWI and Green Mountain entered into a Connectivity Equipment Lease and Connectivity Addendum (the "Addendum"). Id. ¶ 18. Under the terms of the Addendum, Green Mountain agreed to pay an additional $2,500 in liquidated damages if the Addendum was terminated due to default or termination of the Franchise Agreement. Id. ¶ 19.

Malhotra personally guaranteed Green Mountain's obligations under the Franchise Agreement to RWI (the "Guaranty"). Id. ¶ 20. Under the terms of the Guaranty, Malhotra agreed to "immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement" in the event of default. Id.

¶ 21.

On October 21, 2010, Green Mountain unilaterally terminated the Franchise Agreement by ceasing to operate the Facility as a Ramada hotel.  Id. ¶ 23.  On November 10, 2010, RWI sent Malhotra a letter stating that he and Green Mountain owed RWI $77,500 in liquidated damages and all outstanding Recurring Fees due to Green Mountain's premature termination of the Franchise Agreement.  Id. ¶ 24; Fenimore Aff. Ex. D, Dkt. No. 7-2.  Defendants did not respond to RWI's requests.

RWI filed the instant lawsuit on June 24, 2015, seeking to recover all unpaid fees.  Dkt. No. 1.  Defendants failed to answer or otherwise defend against the Complaint.  On September 28, 2015, RWI petitioned the Clerk of the Court for an entry of default against Green Mountain and Malhotra pursuant to Fed. R. Civ. P. 55(a).  Dkt. No. 5.  The Clerk of the Court entered default against Green Mountain and Malhotra that day.  Id.  On October 29, 2015, RWI moved for entry of default judgment.  Dkt. No. 7.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props.,

3

LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332. All the Defendants are citizens of Vermont, and Plaintiff is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶¶ 1-2. The amount in controversy exceeds the required $75,000. Id. ¶ 51. The Court has personal jurisdiction over Defendants based upon consent in the Franchise Agreement to personal jurisdiction in this district. See Fenimore Aff. Ex. A ¶ 17.6.3, Dkt. No. 7-3.

The Court also finds that service was proper. RWI was unable to personally serve Defendants, and submitted an Affidavit of Diligent Efforts reflecting its attempt to do so. Couch Cert. Ex. A, Dkt. No. 7-1. Service was made on Defendants by sending copies of the Summons and Complaint via certified and regular mail pursuant to New Jersey Court Rules for substituted service. See N.J. Ct. R.R. 4:4-4; Couch Cert. ¶¶ 4-6. Thus, the Court is satisfied that it has

4

jurisdiction to enter default judgment and that Defendants were properly served.

### B. Liability

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, 908 F.2d at 1149. The Complaint pleads facts which, taken as true, establish Defendants' liability for breach of contract.[1]

In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.[2] Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Here, Plaintiff has alleged that (1) there were contractual relationship with Defendants based on the Franchise Agreement and Guaranty, Compl. ¶¶ 8-22; (2) Defendants breached the contracts when they failed to pay outstanding Recurring Fees and liquidated damages after Green Mountain ceased operating the Facility as a Ramada hotel, id. ¶¶ 23-24; and (3) Plaintiff suffered resulting damages, id. ¶¶ 35, 43; Fenimore Aff. Exs. E-F. Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

### C. Appropriateness of Default Judgment

Next, the Court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the

---

[1] Plaintiff's other causes of action—including unjust enrichment—would not alter the damages in this case, so the Court does not analyze the sufficiency of those pleadings.

[2] Although the franchise at issue was located in Vermont, the Franchise Agreement provides that the agreement shall be governed by and constructed under New Jersey law, except for conflicts of law principles. Fenimore Aff. Ex. A ¶ 17.6.1.

5

absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense.  See Ramada, 2012 WL 924385, at *5.  Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief.  Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service.  See Couch Cert. ¶¶ 11-12; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, Plaintiff must prove damages.  See Comdyne I, 908 F.2d at 1149.  If the damages are for a sum which can be made certain by computation, inquiry into extrinsic evidence is unnecessary.  See id.  After reviewing the Franchise Agreement, the Addendum, and the affidavits of Bryan Couch, Esq. and Suzanne Fenimore, the Court is satisfied that RWI's requests for Recurring fees, liquidated damages, and prejudgment interest can be made certain by formulas specified in the Franchise Agreement.   Therefore, proof of these sums requires only computation.

Here, RWI seeks judgment in the amount of $326,331.02.[3]  Fenimore Aff. ¶ 30.  This consists of (1) $92,506.73 in overdue Recurring Fees, (2) $77,500 in liquidated damages, and (3) $156,324.29 in prejudgment interest.  See id. ¶¶ 18-30; id. Exs. E-F.  Plaintiff proves that it is entitled to the Recurring Fees it requests by providing an itemized statement of the overdue

---

[3] RWI does not request attorneys' fees and costs, nor does it submit any documentation addressing the issue.  See Dkt. No. 7.

6

amounts. See id. Exs. E-F. Plaintiff proves liquidated damages as well. Under sections 12.1 and 18.1 of the Franchise Agreement, and paragraph 12(c) of the Addendum, Defendants owe $77,500 in liquidated damages for prematurely terminating the Franchise Agreement. See id. Exs. A-B. "No further evidence is required to substantiate this amount." Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC, No. 06-1581, 2007 WL 1674485, at *6 (D.N.J. June 8, 2007). Finally, section 7.3 of the Franchise Agreement entitles Plaintiff to prejudgment interest on past-due recurring fees and damages at a rate of 1.5 percent per month "accruing from the due date until the amount is paid." Fenimore Aff. Ex. A ¶ 7.3. The invoice dates from which Defendants' past-due Recurring Fees began accruing interest range from July 2009 to June 2011, which amounts to $86,687.45. Id. Ex. E. The liquidated damages have been overdue from November 20, 2010 to November 16, 2015, and have accrued interest in the amount of $69,636.84. Id. ¶ 29.

The combination of overdue Recurring Fees, liquidated damages, and accrued interest equals the damages Plaintiff requests. Therefore, RWI is entitled to default judgment in the total amount of $326,331.02.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. An appropriate order accompanies this opinion.

Dated: May 6, 2016  */s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**

7